IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,583-01






EX PARTE WILLIAM LEWIS SWAGGERTY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 86508-A IN THE CRIMINAL DISTRICT COURT


FROM JEFFERSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
marihuana and sentenced to fifteen years' imprisonment. The Fourth Court of Appeals affirmed his
conviction. Swaggerty v. State, No. 04-03-00526-CR (Tex. App.-San Antonio, delivered March 3,
2004, pet. ref'd). 

 Applicant contends, among other things, that his trial counsel rendered ineffective assistance
because (1) she not only failed to object to but also elicited testimony regarding Applicant's post-arrest silence; (2) she failed to object to the admission of a "Detail Caller Activity Report"; and (3)
she failed to obtain a ruling on the admissibility of Applicant's criminal record before Applicant
testified.

 The trial court concluded that counsel was not ineffective. We believe, however, that the
record is not adequate to resolve Applicant's claims. Applicant has alleged facts that, if true, might
entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d
791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court shall provide Applicant's trial counsel with a
second opportunity to respond to Applicant's claim of ineffective assistance of counsel. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate
case, the trial court may rely on its personal recollection. Id.

 Applicant appears to be represented by counsel. If not and if the trial court elects to hold a
second hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes
to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the
hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also determine whether Applicant was in custody when
the statements, which are the basis of his post-arrest silence claim, were made. The trial court shall
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: February 28, 2007

Do not publish